UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CR-00068-MTS |
| | ) |
| JOSHUA EASLEY, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are Defendant Joshua Easley, represented by defense counsel Stephanie Zipfel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count One of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to Defendant's possession of a firearm on February 15, 2023, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.

The parties further agree that, in exchange for Defendant's plea of guilty, the parties agree to jointly recommend a sentence that is the lesser of either **(1) the number of months at the low-end of the applicable U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, or (2) a term of imprisonment of 48 months.**

3. **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1) by unlawfully possessing a firearm, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    **(i)**     Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    **(ii)**     Defendant, thereafter, knowingly possessed a firearm;

    **(iii)**     At the time Defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    **(iv)**     The firearm was transported across a state line at some point during or before Defendant's possession of it.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

2

Prior to February 15, 2023, Defendant had been convicted of at least one felony offense, for which Defendant had been sentenced to a multi-year term of imprisonment. Consequently, Defendant was aware that, as of February 15, 2023, he was a convicted felon.

On February 15, 2023, detectives with the St. Louis County Anti-Gang Unit patrolled the North County area of St. Louis County, Missouri, which is within the Eastern District of Missouri.

During that patrol, detectives observed a black Honda with a dealership license plate matching the description of a stolen Honda.

When detectives attempted to conduct a traffic stop of the black Honda by activating their emergency lights and siren, the black Honda accelerated away from the detectives and started weaving in and out of traffic on Interstate 270 westbound.

Pursuing detectives deactivated their emergency lights in order to prevent a possible collision by pursuing the Honda farther. However, a police helicopter followed the black Honda from above and relayed its movements to detectives on the ground.

When the black Honda exited at the Lewis and Clark Boulevard off-ramp, additional detectives were waiting with tire deflation devices. After the detectives deployed the tire deflation devises successfully, the Honda continued to flee. Another detective deployed a second tire deflation device, the black Honda started traveling against traffic on Lewis and Clark Boulevard, causing other motorists to pull off the road to avoid a collision.

The black Honda crashed into a tree in the front yard of 9741 the Lewis and Clark Boulevard, which is within the Eastern District of Missouri. Then Defendant, the driver, exited the black Honda and started running west with a black handgun in his right hand. The detectives pursued Defendant on foot, yelling at him to stop and that he was under arrest.

3

After running approximately 100 yards away from the Honda, Defendant threw the black handgun into a wooded area. After throwing the handgun, Defendant fell. At that time, the pursuing detectives were able to take him into custody.

Detectives retrieved the firearm the Defendant threw. They discovered that it was a black Sig Sauer .40 caliber semi-automatic pistol, loaded with one round in the firing chamber and without a magazine. The magazine compatible with the firearm was recovered on the driver floorboard. The Sig Sauer firearm was manufactured outside the State of Missouri. Consequently, the firearm had been transported in interstate commerce prior to Defendant's February 15, 2023, possession.

**6. U.S. SENTENCING GUIDELINES (2023 MANUAL):**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearm involved in the offense. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics do and do not apply as indicated below:

1. Section 2K2.1(b)(1) does not apply as the offense involved fewer than three firearms.

2. Section 2K2.1(b)(2) does not apply.

4

3. Section 2K2.1(b)(3) does not apply.

4. Section 2K2.1(b)(4) does not apply.

5. Section 2K2.1(b)(5) does not apply.

6. Section 2K2.1(b)(6)(A) does not apply.

7. Pursuant to Section 2K2.1(b)(6)(B), four additional levels are assessed because Defendant's possession of the firearm facilitated and had the potential to facilitate another felony offense.

8. Section 2K2.1(b)(7) does not apply.

b. **Chapter 3 Adjustments**:

(1) **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Reckless Endangerment During Flight**: The parties agree that, pursuant to Section 3C1.2, two additional levels are assess because Defendant created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

5

(3) **Other Adjustments**: The parties have no further agreement regarding any other adjustments.

c. **Estimated Total Offense Level**: The parties do not have an estimate as to Defendant's Total Offense Level as that is determined by Defendant's criminal history, which is not the subject of this agreement, and whether Defendant is determined to be an Armed Career Criminal. Depending on Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not an Armed Career Criminal.

d. **Criminal History**: The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

e. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

6

7. <u>**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**</u>

**a.** <u>**Appeal**</u>**:** Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)** <u>**Non-Sentencing Issues**</u>**:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2)** <u>**Sentencing Issues**</u>**:** The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences Defendant to a term of imprisonment not to exceed 48 months. Otherwise, Defendant reserves the right to appeal only sentencing issues related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of Defendant's criminal history category; or (3) substantive reasonableness.

**b.** <u>**Habeas Corpus**</u>**:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.** <u>**Right to Records**</u>**:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

a. **Disclosures Required by the United States Probation Office**: Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**: Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention**: Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines and Costs of Incarceration and Supervision**: The Court may impose a fine, costs of incarceration and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

g. **Forfeiture**: Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the indictment; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any

10

term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with indictment the Government agrees to dismiss or not to bring.

Aug. 14, 2024
Date

*C. Ryan Finlen*
C. RYAN FINLEN, #6305918(IL)
Assistant United States Attorney

8/13/24
Date

*Joshua Easley*
JOSHUA EASLEY
Defendant

8/13/24
Date

STEPHANIE ZEPFEL
Attorney for Defendant

11